UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SMITH,<br>CDCR #AX-8010,<br><br>                       Plaintiff,<br><br>vs.<br><br>DEPUTY K. BRANGWYNNE;<br>DEPUTY S. CARDA; DEPUTY<br>C. FICKETT; DEPUTY J. HANN;<br>DEPUTY J. KLIEBENSTEIN;<br>DEPUTY A. MENDOZA; COUNTY OF<br>SAN DIEGO; DOES 1-5,<br><br>                       Defendants. | Case No.: 3:19-cv-0620-CAB-MSB<br><br>**ORDER:**<br><br>**1) DISMISSING DEFENDANT SAN DIEGO CENTRAL JAIL;**<br><br>**AND**<br><br>**2) DIRECTING USMS TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT** |

**I.    Procedural History**

On April 2, 2019, Plaintiff, Dennis Smith, currently a state inmate housed at the Substance Abuse Treatment Facility ("SATF") located in Corcoran, California, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). In addition, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 4). Plaintiff alleged his constitutional rights were violated when he was a pretrial detainee

housed at the San Diego Central Jail ("SDCJ") in 2018. The Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED some claims and Defendants for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b). (ECF No. 5.) On June 28, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.)

## II. Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
2

3:19-cv-0620-CAB-MSB

relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### A. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### B. Waived Defendant

Plaintiff initially named Defendant San Diego Central Jail in his original Complaint. (ECF No. 1.) However, on May 14, 2019, the Court dismissed the claims against Defendant San Diego Central Jail for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (ECF No. 5 at 10.) Plaintiff was cautioned that any "[d]efendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." (*Id.* citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

In his FAC, Plaintiff no longer San Diego Central Jail as a Defendant. Thus, the Court finds that Plaintiff has waived all claims against this Defendant and DISMISSES Defendant San Diego Central Jail from this action.

### C. Remaining Claims

However, the Court finds Plaintiff's FAC contains allegations against the remaining Defendants sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123. Accordingly, the Court will direct U.S. Marshal service upon the remaining Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III. Conclusion and Order

Accordingly, the Court:

1. **DISMISSES** all claims against Defendant San Diego Central Jail as waived and the Clerk of Court is directed to terminate this Defendant from the docket; and

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 6) as to the remaining Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of the Court's May 14, 2019 Order granting IFP status, a certified copy of his FAC and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon the remaining named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: September 10, 2019

Hon. Cathy Ann Bencivengo
United States District Judge