UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SMITH,<br><br>                     Plaintiff,<br><br>v.<br><br>DEPUTY K. BRANGWYNNE, et al.,<br><br>                     Defendant. | Case No.: 19cv620-CAB-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT [Doc. No. 31] AND CLOSING CASE** |

      On March 17, 2020, Defendants filed a motion to dismiss the Second Amended Complaint ("Motion"). [Doc. No. 31.] The Motion was set for hearing (without oral argument) on April 21, 2020. *Id.* Per Local Rule 7.1(e)(2), Plaintiff's opposition to the Motion should have been filed and served by April 7, 2020. To date, no opposition has been filed. On April 13, 2020, Defendants filed Notice Re: No Opposition to Defendants' Motion to Dismiss ("Notice"), noting that Plaintiff had not filed or served any opposition to the Motion. [Doc. No. 32.] Plaintiff has also not responded to the Notice.

      Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*,

46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion).  Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).  That plaintiff is proceeding pro se in this action does not excuse his failure to follow the rules of procedure that govern other litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Here, Defendants attached a proof of service to their motion [Doc. No. 31-2], signaling that Plaintiff was served at the address provided in Plaintiff's most recent filing [Doc. No. 30].  Defendants also served Plaintiff with the Notice. [Doc. No. 32-1.]  However, Plaintiff has failed to respond to the Motion or the Notice.  Moreover, Plaintiff was provided adequate time to prepare a response to the motion, as Plaintiff's opposition was due April 7, 2020. Thus, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss.  *See Ghazali*, 46 F.3d at 53.  Accordingly, the majority of the *Ghazali* factors weigh in favor of dismissal.

For the reasons stated above, it is hereby **ORDERED** that Defendants' motion to dismiss the Second Amended Complaint [Doc. No. 31] is **GRANTED**.  It is further **ORDERED** that the Second Amended Complaint is **DISMISSED WITHOUT**
/ / / / /
/ / / / /
/ / / / /
/ / / / /

**PREJUDICE**.  The Clerk of Court shall **CLOSE** the case.

It is **SO ORDERED**.

Dated:  April 24, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge